IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN MATHERS, Individually and as Special Administrator of the Estate of Gerald Mathers, deceased, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 04 C 701<br>)<br>) Wayne R. Andersen |
| CIBA VISION CORPORATION | ) District Judge |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the motion of Defendant CIBA Vision Corporation ("CIBA") to dismiss Count VII of the Second Amended Complaint of Plaintiff Marilyn Mathers individually, and as special administrator of the estate of Gerald Mathers, deceased, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the defendant's motion to dismiss Count VII is granted.

**BACKGROUND**

Marilyn Mathers, wife and special administrator of the estate of deceased Plaintiff Gerald Mathers, is a resident of St. Charles, Illinois. Defendant CIBA Vision Corporation is headquartered in Duluth, Georgia with a facility in Des Plaines, Illinois. On March 22, 2000, Gerald Mathers underwent eye lens replacement surgery. A CIBA "Memory Lens," manufactured and distributed by CIBA (hereinafter "the lens"), was implanted in Mr. Mathers'

1

left eye and, following the implantation surgery, Mr. Mathers suffered reduced visual acuity in his eye. This condition required corrective surgery in April, 2001 and again in June, 2001. During the June, 2001 surgery, it was discovered that the lens implanted in Mr. Mathers' eye had clouded in such a way as to prevent him from seeing. The lens was removed and replaced with a new one. Plaintiff's complaint arises from the allegation that the clouding of the lens was premature and the corrective surgeries in April and June, 2001 were caused by this deficiency.

Gerald and Marilyn Mathers filed their initial complaint in January of 2004. Gerald Mathers sought recovery for the bodily injuries he sustained as a result of the defective nature of the lens. Marilyn Mathers sought recovery for loss of consortium. In March, 2007, Gerald Mathers passed away, and Marilyn Mathers continued this lawsuit as special administrator of Gerald's estate and for her own independent claim for loss of consortium. Marilyn Mathers filed a Second Amended Complaint after her husband's death which added Count VII, a claim of gross negligence, and sought punitive damages for her loss of consortium and as special administrator. Defendant now moves to dismiss Count VII of the Second Amended Complaint for failure to state a claim upon which punitive damages can be awarded.

## DISCUSSION

In reviewing a Rule 12(b)(6) motion to dismiss, the court will view all facts in the light most favorable to the plaintiff. The complaint will not be dismissed unless it is clear that the plaintiff cannot prove facts consistent with her allegations that would entitle her to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Count VII of Plaintiff's complaint alleges that the defendant committed gross negligence

when it marketed and distributed the lens which was implanted in Gerald Mathers' left eye. Punitive damages are sought for the injuries suffered by Gerald Mathers and for his wife's loss of consortium. Defendant moves this court to dismiss Count VII, asserting that Plaintiff has failed to state a claim upon which punitive damages may be granted. Illinois common law does not allow punitive damages to be awarded after the death of the plaintiff. Plaintiff asserts that her husband's punitive damages claim did not abate with his death because her claims for punitive damages fit into an exception to the rule against the survival of punitive damages.

Two possible exceptions to the rule against the survival of punitive damages have been previously recognized. (1) An exception to the rule against the survival of punitive damages claims has been recognized if there is a clearly stated statutory claim for punitive damages or if punitive damages are an integral part of the regulatory scheme. (2) A "strong equitable considerations" exception has been recognized if there is a significant policy rationale for allowing a claim of punitive damages to survive the death of the plaintiff. The possible applicability of these exceptions is discussed below.

This court has previously decided the question of the survival of punitive damages after the plaintiff's death in *Burgess v. Clairol, Inc.,* 776 F. Supp 1278 (N.D. Ill. 1991) (Norgle, J.). In *Burgess*, this court found that a claim of punitive damages was not transferred to the plaintiff's estate upon the death of the plaintiff. *Id.* at 1284-85. The *Burgess* court held that neither the Illinois Wrongful Death Act nor the Illinois Survival Act allowed a deceased plaintiff's spouse to continue a claim for punitive damages after the deceased plaintiff's death. *Id.* Furthermore, *Burgess* did not recognize any exception for "strong equitable considerations." For the reasons discussed below, we find that the case before this court does not present any

3

significant exceptions to the *Burgess* case and, therefore, we grant the defendant's motion to dismiss Count VII of the plaintiff's Second Amended Complaint.

**A. Exceptions to the bar against survival of punitive damage claims**

The Supreme Court of Illinois has established that punitive damages based upon common law claims are abated upon the death of the injured claimant. *McDaniel v. Bullard,* 216 N.E.2d 140, 144 (1966). Defendant claims that an exception only exists if there is a statutory allowance for punitive damages, while Plaintiff claims that an exception also exists if there are "strong equitable considerations" which favor the continuation of the punitive damages claim.

An exception to the rule against the survival of punitive damages has been recognized if there is a clearly stated statutory claim for punitive damages or if the punitive damages are an integral part of the regulatory scheme. *Nat'l Bank of Bloomington v. Norfolk & W. Ry. Co.*, 383 N.E.2d 919, 924 (Ill. 1978). In order for punitive damages to survive the death of the claimant, the cause of action must have been brought pursuant to a statute which specifically allows for punitive damages or creates a regulatory scheme which necessitates the use of punitive damages in order to be effectively enforced. Plaintiff concedes that the Food, Drug and Cosmetic Act does not establish a claim for punitive damages. *See* 21 U.S.C. § 331, *et seq*. Instead, Plaintiff asserts that her negligence *per se* claim qualifies as a statutory basis for an exception to the bar against the survival of punitive damages. However, this reasoning is faulty. This court has already determined that the Food, Drug and Cosmetics Act does not create any private cause of action authorizing punitive damages. *See Readel v. Vital Signs, Ins.*, No. 97 C 3495, 2002 U.S. Dist. LEXIS 18977, at *9 (N.D. Ill. Sept. 26, 2002) (Andersen, J.).

Any exception to the bar against the survival of punitive damages claims based upon "strong equitable considerations" is predicated upon the statutory exception; common law punitive damages claims are not protected by this exception. In *Raisl v. Elwood Industries*, punitive damages survived the death of the injured party because there was a private cause of action established by the Illinois Workers' Compensation Act. 479 N.E.2d 1106 (Ill. App. 1st Dist. 1985). Consequently, *Raisl* fits into the statutory exception discussed above rather than creating a new general exception for "strong equitable considerations." In *Penberthy v. Price*, 666 N.E.2d 352 (Ill. App. 5th Dist. 1996), the defendant died, not the plaintiff. As previously stated by this court, the issue of recovery from a deceased defendant's estate is a different issue from the one presented in the instant case. *Readel*, 2002 U.S. Dist. LEXIS 18977, at *8-9.

Plaintiff claims that a "strong equitable considerations" exception favors the survival of punitive damages claims. As stated above, in order for this exception to be recognized there must be a statutory basis. Furthermore, once a statutory basis has been established, there must be a significant public policy rationale for allowing a claim for punitive damages to continue after the death of the plaintiff. *Penberthy*, 666 N.E.2d at 356 (finding that public policy favored the enforcement of punitive damages to deter drunk driving). We find no policy considerations in this case which would favor allowing punitive damages to survive the plaintiff's death. Consequently, a "strong equitable considerations" exception is not available to the plaintiff.

**1. The Illinois Wrongful Death Act**

Plaintiff first contends that she may continue Gerald Mathers' punitive damages claim under the Illinois Wrongful Death Act. Defendant claims that because this is not an action under

5

the terms of the Wrongful Death Act, Plaintiff's claim cannot fall under its auspices. The Wrongful Death Act states:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

740 ILCS 180/1. In order for a claim of action to be brought under this Act the plaintiff must claim that the defendant caused the injuries that led to the plaintiff's death. Here, Plaintiff does not allege in her complaint that the injuries suffered by the deceased plaintiff were caused by CIBA. Therefore, the Wrongful Death Act cannot apply to this case. Accordingly, Plaintiff's claim for punitive damages based on the Wrongful Death Act fails.

### 2. The Illinois Survival Act

Plaintiff next asserts that the Illinois Survival Act allows Mr. Mathers' common law claim for punitive damages to survive his death. Defendant contends that Mr. Mathers' punitive damages claim abated with his death. In *Ballweg v. City of Springfield*, the Supreme Court of Illinois differentiated between common law and statutory claims for punitive damages and held that common law punitive damages claims do not survive the death of the plaintiff. 499 N.E.2d 1373 (Ill. 1986); *see also Froud v. Celotex Corp.*, 456 N.E.2d 131 (Ill. 1983); *Mattyasovszky v. W. Towns Bus. Co.*, 313 N.E.2d 496 (Ill. 1974). The court in *Ballweg* allowed for possible exceptions for statutory punitive damages claims but barred the survival of common law claims.

Accordingly, Mr. Mathers' common law punitive damages claim did not survive his death.

## B. Loss of Consortium

Mrs. Mathers also seeks to recover punitive damages under her independent loss of consortium claim. In *Hammond v. North American Asbestos Corp.*, the Illinois Supreme Court articulated a bar against punitive damages in loss of consortium actions. 454 N.E.2d 210 (Ill. 1983). Plaintiff claims that this case is distinguishable from *Hammond* because the court's concern in that case was that, if punitive damages were allowed for loss of consortium, both spouses would be allowed to recover punitive damages creating a double windfall situation. However, *Hammond* provides that the rationale for loss of consortium claims is compensatory only and not punitive. *Id.* at 219. Loss of consortium claims are indirect claims made by an injured party's spouse. It is the derivative nature of this claim which bars the recovery of punitive damages, not the possibility of a double windfall.

In the instant case, Marilyn Mathers' claim for punitive damages based on her loss of consortium claim is clearly barred. The injury upon which the punitive damages are claimed was suffered by Gerald Mathers. Marilyn Mathers' claim is, therefore, indirect. While the purpose of punitive damages is to punish willful, wanton, or grossly negligent conduct, only a person who has suffered injury due to the act of another is entitled to collect punitive damages. Marilyn Mathers is not such a person, and any claim to punitive damages abated with the death of her husband, Gerald.

## CONCLUSION

Plaintiff's claim for punitive damages was foreclosed by the death of her husband. Illinois law bars the survival of common law punitive damages claims. Because Gerald Mathers' death was not caused by the defendant, the Wrongful Death Act does not apply. An exception to the bar against the survival of punitive damages is not available to the plaintiff due to the lack of a statutory basis for the claim. The derivative nature of the loss of consortium claim bars the recovery of punitive damages. Accordingly, Defendant's motion [99] to dismiss Count VII of Plaintiff's Second Amended Complaint is granted.

It is so ordered.

_____
Wayne R. Andersen
District Judge

September 28, 2007
Dated